IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TODD ALLEN NORMAN                                                    PLAINTIFF

V.                              CASE NO. 5:20-CV-05209

JUDGE MARK LINDSAY; and
PROSECUTING ATTORNEY MATT
DURRETT                                                             DEFENDANTS

<u>OPINION AND ORDER</u>

Todd A. Norman, currently an inmate of the Washington County Detention Center ("WCDC"), filed this *pro se* civil rights action under 42 U.S.C. § 1983.   Norman proceeds *in forma pauperis* ("IFP").   The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.   Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.      BACKGROUND

Norman has named as Defendants Judge Mark Lindsay and Prosecuting Attorney Matt Durrett.   According to the allegations of the Complaint, Norman maintains that his bond is excessive and was also doubled.   (Doc. 1 at 4).   Specifically, he alleges that he has "2 bonds for 1 charge as well as times (X2)."   *Id.*   Further, Norman alleges Judge Lindsay wrote on the bottom of his arrest warrant that the bond should not be lowered from $500,000.   *Id.*   Norman states that he was already incarcerated at the time his bond was increased.   *Id.*   He contends the bonds are beyond excessive and violate double jeopardy.   *Id.* at 4-5.   Norman makes no specific allegations against Prosecutor

1

Durrett.

As relief, Norman seeks compensatory damages in the amount of his bond plus pain and suffering.   He also seeks punitive damages.   Finally, he asks that prosecutors and judges be restricted from "doing this again."   *Id.* at 7.

## II.    LEGAL STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    DISCUSSION

Judge Lindsay is a state court judge who is presiding over Norman's criminal proceedings.   Judges are generally immune from lawsuits.   *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate

2

assessment of damages."); *Duty v. City of Springdale, Ark.,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages).   A presiding judge in a case is not subject to suit.   *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967).

Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction.   *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal citations omitted).   Norman has failed to allege any action by Judge Lindsay that was non-judicial or taken without jurisdiction.

With respect to Norman's request for injunctive relief, § 1983 provides that "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."   42 U.S.C. § 1983.   In this case Norman "has not alleged that declaratory relief was unavailable or that a declaratory decree was violated; thus, § 1983 bars [his] claim for injunctive relief."   *Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 763 (8th Cir. 2019) (citation omitted).   Accordingly, Judge Lindsay is immune from suit.

Norman's claims against Prosecutor Durrett must be dismissed because prosecutors are immune from suit.   The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in

presenting the State's case." *Id*. at 427.   This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  *Id*. at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (finding that prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity).   Norman makes no specific allegations against Prosecutor Durrett.   To the extent Norman may be asserting a claim against Prosecutor Durrett based on any involvement he had with the issue of Norman's bond, those actions were taken in connection with his duties as a prosecuting attorney.   Accordingly, Prosecutor Durrett is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (finding that county prosecutors were entitled to absolute immunity from suit).

## IV.   CONCLUSION

For the foregoing reasons, Norman's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim and because Defendants are immune from suit pursuant to 28 U.S.C. § 1915A(b).

**The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g).   The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED** on this 29th day of December, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

4